**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL CASE NO. 22-59-DLB-CJS**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| v. | **MEMORANDUM ORDER** |
| **ALLISON DONALDSON** | **DEFENDANT** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant Allison Donaldson has filed a motion seeking retroactive sentencing relief pursuant to the recent amendments to Chapter 4 of the sentencing guidelines that went into effect on November 1, 2023. (Doc. # 36). The United States filed a Response (Doc. # 38), Defendant filed a Reply (Doc. # 39), and the Motion is ripe for review. For the following reasons, Defendant's Motion is **denied**.

In April 2023, Defendant pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 ("Count I") and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) ("Count V"). (Docs. # 1 and 24). She was sentenced to a below-guideline sentence of 18 months' imprisonment on Count I and the statutory minimum 24 months' imprisonment on Count V, both to run consecutively for a total of 42 months' imprisonment.[1] (Doc. # 32).

---

[1] In her Reply, Defendant acknowledges that she "is not requesting and understands that the statutory sentence of 24 months on Count V is not affected by [her] Motion, and cannot be modified under these circumstances." (Doc. # 39 at 5). With this concession in mind, the Court cabins its analysis to Count I.

In her motion, Defendant asks the Court to determine if she is eligible for any relief under the so-called "zero-point offenders" amendment, U.S.S.G. § 4C1.1. (Doc. # 36). The zero-point offenders guideline provides that defendants who have zero criminal history points and meet certain other criteria are eligible for a two-level reduction to their offense level. U.S.S.G. § 4C1.1. In reviewing Defendant's Presentence Investigation Report at paragraph 31, she received zero criminal history points. She also appears to satisfy the other criteria outlined in § 4C1.1. However, for the reasons stated below, the Court concludes that Defendant is not entitled to any sentencing relief.

Applying the new guideline to Defendant, her total offense level would only be reduced from 18 to 16. This reduced offense level together with Defendant's criminal history category of I would yield an amended guideline range of 21-27 months as to Count I. As discussed above, Defendant was originally sentenced to a then below-guideline sentence of 18 months as to this count. Defendant's original guideline range on Count I was 27-33 months' imprisonment. Except where a defendant has provided substantial assistance to the United States, "the court shall not reduce [a term of imprisonment based on a retroactive guideline amendment] to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). And as the Supreme Court has noted, "[a]ny reduction must be consistent with applicable policy statements issued by the Sentencing Commission," including § 1B1.10. *Dillon v. United States*, 560 U.S. 817, 821 (2010).

Here, Defendant did not provide substantial assistance, and her currently imposed sentence of 18 months on Count I already falls below the new amended guideline range

of 21-27 months.² For these reasons, Defendant's Motion (Doc. # 36) is **DENIED**.

This 23rd day of May, 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Amendment 821 Orders\Orders denying or granting Amendment 821 relief\Allison Donaldson 2-22-59 Order Denying DE 36.docx

---

² In her Reply, Defendant argues that although the United States did not move for a below-guidelines sentence for her substantial assistance, "this Court heard considerable evidence of her cooperation and 'substantial assistance' to the United States.]" (Doc. # 39 at 2). But even if this is true, the Court lacks the authority to take up the issue. *See United States v. Stroh*, 48 F. App'x 991, 993 (6th Cir. 2002) (citing *Wade v. United States*, 504 U.S. 181, 185 (1992)) ("[A] district court lacks the authority to effect a 'substantial assistance' sentencing reduction in the absence of the appropriate government motion.").

3